# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LAKIYAH PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| K2 INDUSTRIAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, La'Kiyah Perry ("Perry"), by counsel, against Defendant, K2 Industrial Services, Inc. ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C §2000e *et. seq*.

### II. PARTIES

2. Perry, a resident of Will County, Illinois, performed her job duties and responsibilities for the Defendant in Lake County, Indiana, which is within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and routinely conducts business in Lake County, Indiana which is located within the geographical boundaries of the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b)

6. Perry was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7. Perry satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2025-02144) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race. Perry received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Northern District of Indiana; thus, venue is proper in this court.

### IV.  FACTUAL ALLEGATIONS

9. Perry, an African American woman, was hired by Defendant on or about December 2, 2024, as a Purchasing Assistant.

10. At all relevant times, Perry met or exceeded Defendant's legitimate performance expectations.

11. Perry's direct supervisor was Defendant's Purchasing Manager, Kelly Daniels ("Daniels"), who is a Caucasian woman.

12. On or about January 31, 2025, after arriving at work, Perry was notified of an unexpected family emergency. As Daniels was not present at the worksite, Perry attempted to call her and, receiving no response, then texted Daniels to inform her that she needed to use her available PTO due to the emergency. Perry's message also received no response.

13. Perry's coworker, Ashley (Last Name Unknown), a Caucasian woman, told Perry that Daniels had answered her call that same day, leading Perry to believe that her own call was being ignored.

14. Before departing, Perry was approached separately by another coworker, Jessica (Last Name Unknown), a Caucasian woman, and Daniels' supervisor, Brian (Last Name

Unknown), a Caucasian man. Both asked about Daniels' absence and whether Perry had spoken to her. Perry confirmed that she had not been in contact with Daniels.

15. On or about February 3, 2025, Daniels approved Perry's PTO request from January 31. Shortly thereafter, Perry was approached by Defendant's HR representative, Dan Carey ("Carey"), a Caucasian man, who told her that they needed to have an immediate meeting. Upon arriving at this meeting, Perry discovered that Daniels was also present. During the meeting, Defendant informed Perry that she was being placed on probation for attendance issues, despite having no prior attendance concerns. Perry responded by stating that she believed she was being singled out based on her race, noting that individuals outside of her racial group were not held to the same standard regarding attendance, as demonstrated by Daniels' unexcused absence just days earlier, which did not result in comparable disciplinary action. At the conclusion of this conversation, it was agreed that they would revisit it the following day.

16. On or about February 4, 2024, as Perry was nearing the worksite, she received a call from Carey informing her not to come in and that she was being suspended without pay. Perry proceeded to the worksite to speak with Carey directly.

17. Upon arrival, Perry was informed by her coworker, Daryl (Last Name Unknown), an African American man, that Carey had stated that Perry was not permitted to enter the building. Perry was sent away with her personal belongings and informed that she was barred from the premises.

18. Perry subsequently received a call at home from Carey, who informed her that, following an investigation, her suspension was being converted to a termination effective immediately. The Defendant's stated reason for termination is a pretext for discrimination based

3

on Perry's race, as *inter alia*, employees outside of her protected class who engaged in similar or more serious misconduct were treated more favorably.

## V.  CAUSES OF ACTION

### COUNT I: TITLE VII - RACE DISCRIMINATION

19. Perry hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint as if the same were set forth at length herein.

20. Defendant discriminated against, subjected Perry to disparate treatment and terms of employment, and terminated her employment on the basis of her race.

21. Defendant's actions were intentional, willful, and taken in reckless disregard of Perry's rights as protected by Title VII of the Civil Rights Act of 1964.

22. Perry has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII - RETALIATION

23. Perry hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Perry engaged in a protected activity when she complained of disparate treatment and less favorable terms and conditions of employment between herself and others outside of her protected class.

25. Defendant retaliated against Perry for engaging in protected activity by terminating her employment.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Perry's rights as protected by Title VII of the Civil Rights Act of 1964.

27. Perry has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, La'Kiyah Perry, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff's employment to the position, salary, and seniority level she would have enjoyed but for the Defendant's unlawful actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych II, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office:      (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:     ad@bdlegal.com

*Attorney for Plaintiff, La'Kiyah Perry*

### **DEMAND FOR JURY TRIAL**

Plaintiff, La'Kiyah Perry, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office:      (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:     ad@bdlegal.com

*Attorney for Plaintiff, La'Kiyah Perry*